FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 29, 2021

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JANE DOE,

Plaintiff,

v.

ELSON S FLOYD COLLEGE OF MEDICINE AT WASHINGTON STATE UNIVERSITY,

Defendant.

No. 2:20-cv-00145-SMJ

**ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Before the Court is Defendant's Motion for a Protective Order, ECF No. 60. Defendant argues that two of Plaintiff's Requests for Productions are overbroad and request records protected by the Family Education Records Protection Act (FERPA), 20 U.S.C. § 1232g. The Court is fully informed, grants the motion, and sets forth the protective order below.

## BACKGROUND

Plaintiff initially sued Defendant in the Spokane County Superior Court, alleging twenty causes of action, including six due process violations, two violations of her right to privacy, harassment, seven gender discrimination claims, three disability-rights violations, and the tort of outrage. ECF No. 2-2. Defendant

subsequently removed the suit to federal court. ECF No. 2. The Court has dismissed Plaintiff's privacy and harassment causes of action. ECF No. 51.

Plaintiff's Request for Production D asks for "all unredacted non-privileged communications not already produced," including incident cards, text and Slack messages, social media posts, and emails, which discuss Plaintiff or any of the five listed students or twenty-two faculty or offices. ECF No. 61-1 at 3. Request for Production E asks for

> all unredacted non-privileged records, conflict of interest forms, notes, record of votes, and any other documents not already produced between 2016 and present from any: interviewing of students about DOE, including but not limited to any interviews, reports, fact findings or any other documentation made about DOE, SEPAC meeting about DOE; any SEPAC meeting that mentions allegations against students for the same as or similar to allegations of unprofessionalism, improper use of communications policies, including those that resulted in decisions based on the following policies: academic probation, personal leave, grade retention, where the student had the same outcome as DOE, a lesser outcome than DOE, or a more severe outcome than DOE.

ECF No. 61-1 at 4. Defendant states that these Requests for Production yield over 70,000 documents, hundreds of thousands of pages. ECF No. 61 at 2. Defendant notified Plaintiff's counsel that it believed it could not produce the documents under FERPA absent a Court order. ECF No. 61 at 3. This motion followed.

//

//

//

## DISCUSSION

### A. Plaintiff's Request for Production D and E request records protected by FERPA and are overbroad

This Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). The Court finds good cause to enter a protective order here.

Plaintiff requests have yielded more than 70,000 responsive documents, each of which Defendant will need to screen for privileged material and add any required redactions. This is unduly burdensome. And Plaintiff has not shown that other discovery, such as deposition testimony or interrogatories, will not provide her the information she needs. *Cf.* ECF No. 66 at 2. In fact, Defendant states that Plaintiff has not yet noticed a single deposition. ECF No. 69 at 3. Limiting discovery to records regarding Plaintiff balances Plaintiffs need for discovery with the burden and expense to Defendant.

Plaintiff's requests also seek records protected by FERPA, which bars disclosure of education records of other students absent their consent of a court order. 20 U.S.C. § 1232g(b). Defendant itself is thus not able to waive FERPA protections on behalf of its students. FERPA defines "education records" as "those records, files, documents, and other material which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution

by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A). The student disciplinary records, emails, and other records requested by Plaintiff constitute "education records" under this definition. *See, e.g.*, *Owasso Indep. Sch. Dist. No I-011 v. Falvo*, 534 U.S. 426, 433 ("the word 'maintain' suggests FERPA records will be kept in a filing cabinet in a records room at the school or on a permanent secure database.").

FERPA aims to protect students' right to privacy, which Plaintiff's requests do not do. *See* 120 Cong. Rec. 39862 (1974). Redacting the names of other students mentioned in those records regarding Plaintiff will serve to protect the students' privacy and rights under the statute. "Since there is no exception for court-ordered production in civil cases, plaintiff will have to be satisfied with production of redacted educational records for those students who do not execute a FERPA waiver." *Seoane-Vazquez v. Ohio State Univ.*, No. 02:07-CV-00775, 2009 WL 10710390, at *7 (S.D. Ohio May 8, 2009); *see also* 20 U.S.C. § 1232g.

The limitations described in this section and set forth below will not leave Plaintiff without any of the records she seeks. Defendants still, for example, must produce "notes relating to those meetings" with individuals who were allegedly interviewed about her, as those records involve Plaintiff. *See* ECF No. 66 at 2–3. The protective order, set forth below, is of a reasonable scope to protect Plaintiff, Defendant, and third parties.

**B. Plaintiff must file a motion to conceal her identity**

Defendant's original motion, ECF No. 47, and the accompanying declaration, ECF No. 48, now both filed under seal, contained Plaintiff's real name. Plaintiff has proceeded thus far in this action under the pseudonym Jane Doe. But Defendant rightly points out that she has not moved to do so. ECF No. 69 at 4; *see also United States v. Doe*, 655 F2d 920, 922 n.1 (9th Cir. 1980) ("the identity of the parties in any action, civil or criminal should not be concealed except in an unusual case"); ECF No. 8 at 4 ("Plaintiff will propose a protection order, requiring Plaintiff's pseudonym to be used in filed pleadings and attachments").

The Court's sealing of the apparently inadvertent disclosure of Plaintiff's real name does *not* constitute *sub silentio* approval to continue to conceal her identity for the remainder of this action. *See id.* at 4 n.2. Instead, Plaintiff must file any motion to conceal her identity by no later than February 22, 2021. If she does not file a motion within that time, the Court will find that she has waived the right to proceed under a pseudonym and unseal the motion and declaration, ECF Nos. 47, 48. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (explaining that a court must determine whether plaintiffs' need for anonymity outweighed the prejudice to defendants and the public's interest).

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion for Protective Order, **ECF No. 60**, is **GRANTED**.

***A.*** In response to Requests for Production D and E, the Defendant shall produce only records that reference or involve Plaintiff. Records not involving Plaintiff shall be withheld.

***B.*** All education records produced will be appropriately marked as confidential and subject to the Stipulated Protective Order, ECF No. 22.

***C.*** Personal identifying information of any other students referenced in any education record shall be redacted.

***D.*** Defendant shall comply with Requests for Production on a rolling basis from the date of this Order until the production is complete.

***i.*** Defendant shall complete production in a reasonably timely matter.

**2.** Plaintiff shall file any motion to conceal her identity, setting forth the relevant legal authority, by **no later than February 22, 2021**.

***A.*** Plaintiff shall include with her motion a **proposed protective order**.

***B.*** Plaintiff shall indicate **Defendant's position** on the proposed protective order.

*C.* If Defendant opposes the protective order, it shall respond according to the schedule detailed in the Local Civil Rules. *See* LCivR 7.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 29th day of January 2021.

SALVADOR MENDOZA, JR.
United States District Judge