# Gmail

Sarah Freedman <sarahfreedmanlaw@gmail.com>

## Stipulation to Motion to Seal
11 messages

---

**Sarah Freedman** <sarahfreedmanlaw@gmail.com>    Sun, Feb 21, 2021 at 8:20 PM
To: "Ulrich, Nicholas (ATG)" <nicholas.ulrich@atg.wa.gov>, "Merrill, Katie (ATG)" <katie.merrill@atg.wa.gov>

Hello,

I'm intending to file the SEPAC meeting minutes from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in support of my unopposed motion for protective order with a deadline of tomorrow. My intention (as other students' information is mentioned) was to file under seal. Will you stipulate to a motion to file under seal to protect the privacy interests of the other students involved? The only other document I intend to file with it is the email indicating that you won't oppose any motions to proceed under pseudonym from 7/1/2020. My proposed protective order will simply be barring exposure of her name, birthday, or any other obvious personal identifying information. Her medical and education records are protected by the stipulated order.

Let me know.

Sarah L. Freedman

---

**Merrill, Katie (ATG)** <katie.merrill@atg.wa.gov>    Mon, Feb 22, 2021 at 8:45 AM
To: Sarah Freedman <sarahfreedmanlaw@gmail.com>, "Ulrich, Nicholas (ATG)" <nicholas.ulrich@atg.wa.gov>
Cc: "Albers, Bob (ATG)" <bob.albers@atg.wa.gov>, "Gress, Jodi (ATG)" <jodi.gress@atg.wa.gov>

Sarah,

Before we can agree to the motion to file under seal, I am curious what your purpose/intent is in filing the SEPAC meeting minutes? From my perspective, those minutes have no bearing on whether your client can proceed in pseudonym.

Second, I don't know what email was sent last July, as I was not on the case yet. But I want to make sure we have our position clear. We do not oppose the proceeding in pseudonym in pleadings and documents with the court. However, we do oppose it for actual court proceedings. For example if the case were to go to trial, or other hearings, we want witnesses to be able to refer to her as ▮▮▮▮, or ▮▮▮▮▮▮, depending on how they knew her.

I have no issue with the prevention of exposure or her birthdate or other private personal identifying information those are generally protected by the court's redaction rules anyways.

Katie Merrill

1116 W. Riverside

Spokane, WA 99201

(509) 458-3539

Katie.merrill@atg.wa.gov

This email may contain information that is legally privileged.

If you have received this message in error, please notify me immediately and delete this message.

Any disclosure, copying, distribution or other use of the contents of this information is prohibited.

Please print only when necessary.

**From:** Sarah Freedman <sarahfreedmanlaw@gmail.com>
**Sent:** Sunday, February 21, 2021 8:20 PM
**To:** Ulrich, Nicholas (ATG) <nicholas.ulrich@atg.wa.gov>; Merrill, Katie (ATG) <katie.merrill@atg.wa.gov>
**Subject:** Stipulation to Motion to Seal

[EXTERNAL]

Hello,

I'm intending to file the SEPAC meeting minutes from ▮▮▮▮▮▮▮▮▮▮▮▮ in support of my unopposed motion for protective order with a deadline of tomorrow. My intention (as other students' information is mentioned) was to file under seal. Will you stipulate to a motion to file under seal to protect the privacy interests of the other students involved? The only other document I intend to file with I it is the email indicating that you won't oppose any motions to proceed under pseudonym from 7/1/2020. My proposed protective order will simply be barring exposure of her name, birthday, or any other obvious personal identifying information. Her medical and education records are protected by the stipulated order.

[Quoted text hidden]

**Sarah Freedman** &lt;sarahfreedmanlaw@gmail.com&gt;   Mon, Feb 22, 2021 at 9:27 AM
To: "Merrill, Katie (ATG)" &lt;katie.merrill@atg.wa.gov&gt;
Cc: "Ulrich, Nicholas (ATG)" &lt;nicholas.ulrich@atg.wa.gov&gt;, "Albers, Bob (ATG)" &lt;bob.albers@atg.wa.gov&gt;, "Gress, Jodi (ATG)" &lt;jodi.gress@atg.wa.gov&gt;

Katie,

I'll forward the email from Nick in which he says there will be no objection to proceeding under pseudonym and that your only reply to a motion relating to pseudonym will be to cite the law. I know you weren't on the case at the time (this was from last July) but nothing procedurally has changed since I received the email.

My reliance on the document is regarding an argument I'll be making relating to public policy. As you're aware, even with the stipulation of the parties, there's a presumption against proceeding under pseudonym. I'll be filing that document with my motion to aid in a quasi whistleblower argument to the court as the rights of the public to know her name still exist regardless of stipulation. Again, I intend to file it under seal to ensure that your client is able to continue protecting the privacy rights of other students involved.

I'm working on getting you exhibits now. Just having some difficulty with stamping them. Isn't technology fun?

~Sarah
[Quoted text hidden]

---

**Merrill, Katie (ATG)** &lt;katie.merrill@atg.wa.gov&gt;   Mon, Feb 22, 2021 at 10:00 AM
To: Sarah Freedman &lt;sarahfreedmanlaw@gmail.com&gt;
Cc: "Ulrich, Nicholas (ATG)" &lt;nicholas.ulrich@atg.wa.gov&gt;, "Albers, Bob (ATG)" &lt;bob.albers@atg.wa.gov&gt;, "Gress, Jodi (ATG)" &lt;jodi.gress@atg.wa.gov&gt;

Sarah,

Thank you for the clarification on Nick's prior email. However, in discussions with Nick on last Friday before he left for vacation, it was agreed that our current position is what I stated: that we have no objection in pleadings, however we want to be able to reference her name, and have witnesses reference her name in proceedings, it's more comfortable for all involved to have the ability to verbally address her by her known name. While you believe that the case may not have changed procedurally since July, with the court's recent rulings and motions that have been filed, our position on the matter has become more detailed, and relying on an email Nick sent more than 6 months ago is not accurate, when I am providing you our current position on the matter.

Honestly, I am not comfortable with you filing that SEPAC document at all related to this motion- you have made no whistleblower, or whistleblower related claims in the case to be presenting a quasi-whistleblower related argument. At this point this is a fairly standard case, that is filed in an individual's name all the time. Even, if the document is filed under seal, I believe that all student names that are not your client, still need to be redacted. Nick is on vacation this week, so I don't know his thoughts on the matter. But I cannot stipulate to this being filed at all when I don't believe that it is relevant to the issue the motion is to be addressing. Also, nothing prevents you from making the argument without presenting this document with student information, as I don't see how this SEPAC minutes lends support to such an argument. However, I will not actively oppose a motion to file under seal.

I understand the issues with technology. Happens to me all the time☺

Thank you,

[Quoted text hidden]

---

**Sarah Freedman** <sarahfreedmanlaw@gmail.com>　　　　　　　　　　　　　Mon, Feb 22, 2021 at 10:13 AM
To: "Merrill, Katie (ATG)" <katie.merrill@atg.wa.gov>

Katie,

I'm not sure I'm understanding your position here. Nick knew when he spoke to you prior to leaving that he had sent this email. He also knew about the deadline relating to a motion to proceed under pseudonym. He went on vacation knowing that I would be relying on this email and that the plain language reading of said email would include trial and has never until today through you made any reference to trial being excluded. Have you spoken to him about this today? I really don't want any possible ramifications of his actions to fall onto you. He knew that this would be interpreted this way, knew this was intended to include trial, left you to deal with this anyway, and didn't send you the email.

As for the recent motions, I've hired a non-testifying expert on liability who is going to aid me in redrafting along the lines referenced by the Court. I am not concerned relating to that issue and fail to see how it impacts an email sent (as indicated) as proof of your office's stipulation to unoppose a Jane Doe motion.

Am I missing something here?

~Sarah
[Quoted text hidden]

---

**Ulrich, Nicholas (ATG)** <nicholas.ulrich@atg.wa.gov>　　　　　　　　　　　Mon, Feb 22, 2021 at 10:50 AM
To: Sarah Freedman <sarahfreedmanlaw@gmail.com>
Cc: "Merrill, Katie (ATG)" <katie.merrill@atg.wa.gov>, "Albers, Bob (ATG)" <bob.albers@atg.wa.gov>, "Gress, Jodi (ATG)" <jodi.gress@atg.wa.gov>

Sarah,

Katie is accurately stating our position. You and I have spoken about your need to file a motion to proceed in pseudonym on several occasions going all the way back to February, when this matter was in state court. When we spoke back in June/July and discussed the in pseudonym in federal court, we were at the stage of developing our discovery plan and proceeding with discovery. I indicated that I would file a response outlining the law but would otherwise defer to the court on this issue. Of course, we all know that you never filed that motion.

I outlined the standard for proceeding in pseudonym in my reply to the motion for the protective order. Under the standard, the court has to evaluate whether to grant pseudonym protections at every stage of the litigation. We are now at the close of the discovery stage, and are nearing the trial stage of the

litigation. While I had and have no objection to pseudonym status for *filings* related to discovery or summary judgment, we *do object* to her being able to proceed in pseudonym at any trial. Allowing her to proceed under Doe at a trial will prejudice the University because none of our witnesses know her as Doe. They will likely be stumbling over their words trying to remember to refer to her as Doe, which could cause them to be perceived differently by the jury. I believe I did discuss a different standard for trial/hearings with you in the past, but I would have to consult my notes to be sure.

I apologize if you were confused by my prior statements, but this is our position. I advised Katie of our position before I left for vacation, and she has accurately relayed it to you.

Best,

Nick


Nicholas Ulrich

Assistant Attorney General

1116 W. Riverside, Suite 100
Spokane, WA 99201

Phone: (509) 456-6390

Email: Nicholas.Ulrich@atg.wa.gov

**This e-mail may contain information that is legally privileged.  If you have received this message in error, please notify me immediately and delete this message.  Any disclosure, copying, distribution or other use of the contents of this information is prohibited. Thank you for your cooperation.**

[Quoted text hidden]

---

**Sarah Freedman** <sarahfreedmanlaw@gmail.com>                          Mon, Feb 22, 2021 at 11:56 AM
To: "Ulrich, Nicholas (ATG)" <nicholas.ulrich@atg.wa.gov>
Cc: "Merrill, Katie (ATG)" <katie.merrill@atg.wa.gov>, "Albers, Bob (ATG)" <bob.albers@atg.wa.gov>, "Gress, Jodi (ATG)" <jodi.gress@atg.wa.gov>

Katie,

I will get back to you post-deposition relating to my thoughts on the matter of the Doe stip. As it stands, I'm still trying to get my damn scanner to operate property and want to ensure your witness has at least some time to look at which exhibits I'll be referencing today.

As to the motion to seal, I have no objection to redacting the student's names or replacing them with initials. Does that

make you more comfortable with stipulating to the motion to seal? I believe the Court will find my arguments relating to public policy relevant, even more so if your office's current position to the motion has changed. It may require me to include other notes as well. Again, I have just been made aware of the change to the stipulation, having been operating on a good-faith plain language reading of the stipulation as written. Regardless of anything else, I appreciate you not attempting to apologize for *my confusion*, as I don't believe myself particularly confused.

I'll send these exhibits as soon as I can. Have I mentioned I love scanners so much?

~Sarah

[Quoted text hidden]

---

**Sarah Freedman** <sarahfreedmanlaw@gmail.com>                                Mon, Feb 22, 2021 at 4:55 PM
To: "Ulrich, Nicholas (ATG)" <nicholas.ulrich@atg.wa.gov>
Cc: "Merrill, Katie (ATG)" <katie.merrill@atg.wa.gov>, "Albers, Bob (ATG)" <bob.albers@atg.wa.gov>, "Gress, Jodi (ATG)" <jodi.gress@atg.wa.gov>

Katie,

At this point, I am out of time and out of options. I have detrimentally relied on the statements made by your office in writing (yes I know it wasn't you, and I'm sorry again that you are being stuck in the middle here) relating to the stipulation. You and Nick are now indicating that the stipulation to the Doe motion is not for the purposes of trial. Unless I hear back, I will proceed on that and will be filing the necessary motions and exhibits accordingly.

In relation to those exhibits (and again, I was relying in good faith until this morning on the plain-language reading of Nick's stipulation), I do not as of right now nor will I know by 5 what I need to file to support my position. Again, I am asking that I be permitted to file what is necessary under seal and am willing to redact as is necessary and appropriate with the seal to preserve the rights of all students involved. Should you not stipulate to me filing as I deem necessary, the only other option I see as of right now is for filing an affidavit on behalf of my client testifying to what she knows. The issue here is that this will obviously be hearsay, except that the documents are available. So I guess my question to you is which stipulation are you more comfortable with; waiving hearsay objections to a declaration referencing what is necessary for a motion that until this morning was entirely unopposed by your office or stipulating to filing necessary documents under seal? I'm backed into a corner, and I don't see any other choices. I am not going to request a continuance because quite frankly, I did not create this issue. Had your office raised issues to me regarding the stipulation prior to today, I would have sent an angry email prior to today. My client's level of prejudice should her name be exposed is that high.

I'm open to any other ideas you may have here, but I am not going to not proceed today. Quite frankly, I'm alarmed that this was not raised to me sooner. Had I not brought the stipulation of related filings to you, I would have presented the Doe motion to the Court as unopposed due to my reliance on the last communication I have had with your office on the subject.

~Sarah
[Quoted text hidden]

---

**Merrill, Katie (ATG)** <katie.merrill@atg.wa.gov>                              Mon, Feb 22, 2021 at 5:13 PM
To: Sarah Freedman <sarahfreedmanlaw@gmail.com>, "Ulrich, Nicholas (ATG)" <nicholas.ulrich@atg.wa.gov>
Cc: "Albers, Bob (ATG)" <bob.albers@atg.wa.gov>, "Gress, Jodi (ATG)" <jodi.gress@atg.wa.gov>

Sarah,

I believe that Nick's email earlier today made clear our position on your client proceeding in

pseudonym. If you filing anything to the contrary it is not done so in good faith. Nick also indicated he did discuss the issue with you multiple times prior, but does not have his notes with him.

For the exhibits: As I indicated earlier. I do not see the relevance or necessity in filing the document you mentioned earlier, and won't be stipulating to the appropriateness of filing that document. I understand you are saying it may now be additional documents along with the one you indicated previously and I will not make any stipulations where I do not know what may or may not be filed.

I will not be waiving, and am not agreeing to waive any objection to hearsay and I am not stipulating to the admission of any hearsay.

I believe it is your responsibility to redact student names out of the document that are not your client's name in the event you do file any such documents.

And as I previously indicated, I will not stipulate to a motion to file under seal, especially since you cannot fully indicate what may or may not be included; however, as indicated earlier, I will not actively oppose such a motion were you to file it and will leave it to the discretion of the court as to the appropriateness of that decision.

[Quoted text hidden]

---

**Sarah Freedman** <sarahfreedmanlaw@gmail.com>                                     Mon, Feb 22, 2021 at 5:24 PM
To: "Merrill, Katie (ATG)" <katie.merrill@atg.wa.gov>
Cc: "Ulrich, Nicholas (ATG)" <nicholas.ulrich@atg.wa.gov>, "Albers, Bob (ATG)" <bob.albers@atg.wa.gov>, "Gress, Jodi (ATG)" <jodi.gress@atg.wa.gov>

Katie,

I am aware as of this morning as to your new position. I am also aware that Nick claims that he might have at some point maybe have said something about changing it. I am telling you that had he done so, the conversation about the July 1, 2020 email would have happened sooner. So yes, I will be filing this as an opposed motion. I will also be indicating the procedural history of this now-opposed motion to the Court. As a courtesy and because I have no reason to believe that you saw the email before today, I will do my best to keep your name out of it.

I understand that you do not see the relevance of my arguments. Luckily for my client, relevance is a decision to be made by the Court. I would be happy to note your concerns relating to relevance in my motion if you'd like.

It could be argued that as the documents are indeed available and could be presented but for your client's objections that any testimony from my client would not be hearsay. I was hoping to avoid having to frame your client as obstructionistic.

I have no objection to your claim that I should be redacting student names. Again, I'm offering to both redact *and* file under seal, thus doubly protecting the students.

How best would you like me to frame to the Court your lack of active opposition? Forgive my ignorance on the subject, but as far as I'm aware, something is either opposed or it isn't. You have practiced in Federal Court far longer than I have, and again, I am not trying to be difficult here; I want to ensure that I am presenting your position correctly. If we

were in state court, I'd have just filed this stuff.

~Sarah

[Quoted text hidden]

---

**Ulrich, Nicholas (ATG)** <nicholas.ulrich@atg.wa.gov>    Mon, Feb 22, 2021 at 5:41 PM
To: Sarah Freedman <sarahfreedmanlaw@gmail.com>, "Merrill, Katie (ATG)" <katie.merrill@atg.wa.gov>
Cc: "Albers, Bob (ATG)" <bob.albers@atg.wa.gov>, "Gress, Jodi (ATG)" <jodi.gress@atg.wa.gov>

Sarah,

Our position is not new, as I indicated I believe we discussed the limitations at the time. Of course that was over six months ago now. We obviously remember that conversation differently.

Regarding the documents, if you are filing anything protected by the stipulated protective order, you should follow the procedures to file them under seal. Redactions are likely insufficient for those documents (without knowing specific documents) because the context clues would give away the redacted names. Once you file, we will review and determine whether we agree that they should be sealed or disagree. If we agree, we will file a response indicating agreement. If we disagree, we will file a response indicating disagreement. We simply cannot stipulate to documents we can't see. You do not need to indicate in your motion to seal whether it is opposed or unopposed.

This is the last either Katie or I will be checking email tonight.

Best,

Nick

**Nicholas Ulrich**

Assistant Attorney General

1116 W. Riverside, Suite 100
Spokane, WA 99201

Phone: (509) 456-6390

Email: Nicholas.Ulrich@atg.wa.gov

**This e-mail may contain information that is legally privileged. If you have received this message in error,**

**please notify me immediately and delete this message.  Any disclosure, copying, distribution or other use**

**of the contents of this information is prohibited. Thank you for your cooperation.**

[Quoted text hidden]