FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 03, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ELSON S FLOYD COLLEGE OF MEDICINE AT WASHINGTON STATE UNIVERSITY,<br><br>　　　　　　　　　Defendant. | No.  2:20-cv-00145-SMJ<br><br>**ORDER DISMISSING CASE** |

Before the Court are Defendant's Motion for Summary Judgment, ECF No. 129, Plaintiff's Motion to Dismiss Count Two with Prejudice, ECF No. 136, Plaintiff's Motion to Remand, ECF No. 137, and Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment, ECF No. 138. The Court finds oral argument unnecessary. Having reviewed the file, the Court grants Plaintiff's motion to dismiss, denies Plaintiff's motion to remand, denies Plaintiff's motion to strike, and grants in part and denies as moot in part Defendant's Motion for Summary Judgment.

**BACKGROUND**

Plaintiff was accepted and attended several years at Defendant's medical

ORDER DISMISSING CASE – 1

school. She initially sued Defendant in the Spokane County Superior Court, alleging twenty causes of action, including six due process violations, two violations of her right to privacy, harassment, seven gender discrimination claims, three disability-rights violations, and the tort of outrage. ECF No. 2-2. Defendant subsequently removed the suit to federal court. ECF No. 2. The Court granted Plaintiff leave to amend her complaint. ECF No. 80. The operative complaint alleges two causes of action: violation of admissions contract and violation of the Rehabilitation Act (Pub. L. 93-112). ECF No. 94. The relevant facts are incorporated below.

## COUNT TWO

Both Plaintiff and Defendant move to dismiss Count Two, Plaintiff's Rehabilitation Act claim, with prejudice. *See* ECF Nos. 129, 136. Defendant argues that the Court should dismiss the claim on summary judgment, because Plaintiff only moved to dismiss after Defendant filed its summary judgment motion—and even then, it took her three weeks to do so. *See* ECF No. 156. Plaintiff has made a habit of seeking to amend or dismiss her claims once Defendant challenges them on the merits. *See* ECF Nos. 31, 34, 41, 43, 74, 94, 129 & 136. And Plaintiff failed to file a notice of to-be-adjudicated claims by the deadline, forcing Defendant to guess at what claims Plaintiff planned to pursue at trial. *See* ECF No. 109 at 8.

When multiple motions are presented to the Court, "it has discretion to decide the order in which it [will] consider and decide them." *Hoptowit v. Spellman*, 753

F.2d 779, 782 (9th Cir. 1985). After the filing of a Motion for Summary Judgment by the opposing party, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41. "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "Plain legal prejudice, however, does not result simply when a defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 69 F.2d 143, 145 (9th Cir. 1982).

> Courts can consider several factors when deciding a Rule 41 motion to dismiss, including 1) the defendant's effort and expense in preparing for trial; 2) any excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action; 3) insufficiencies in the plaintiff's explanation of the need for a dismissal; and 4) the fact that a summary judgment motion has been filed by the defendant.

*Cent. Montana Rail, Inc. v. BNSF Ry. Co.*, 2010 WL 11534149, at *2 (D. Mont. Apr. 13, 2010) (internal quotation marks omitted), *aff'd sub nom. Cent. Montana Rail v. BNSF Ry. Co.*, 422 Fed. App'x 636 (9th Cir. 2011).

The Court appreciates Plaintiff's unorganized filings, missed deadlines, and

ORDER DISMISSING CASE – 3

ever-evolving claims have created extra—and avoidable—work for Defendant. Yet, Defendant does not point to any "plain legal prejudice." *See Smith*, 263 F.3d at 975. No matter the Court's disposition, Defendant has already expended the labor on the motion for summary judgment. "[E]xpense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996); *see also Pohl v. MH Sub I, LLC*, 407 F.Supp.3d 1253 (N.D. Fla. 2019) ("This Court has found no such authority, holding that inability to seek attorneys' fees and costs constitutes clear legal prejudice").[1] Both parties seek to dismiss the Count Two *with* prejudice. The Court thus grants Plaintiff's motion to dismiss and denies Defendant's motion for summary judgment as to Count Two as moot.

## MOTION TO REMAND

With the dismissal of Count Two, no federal law claims remain. *See* ECF No. 94. Plaintiff argues that this Court no longer has subject-matter jurisdiction, and so should remand this case back to state court. This argument fails.

---

[1] Defendant points out that "[a]n award of costs and attorneys' fees should *generally* be denied if the voluntary dismissal is granted with prejudice." ECF No. 156 (citing *Tuyet Tran Gonzalez v. P&G*, 2008 U.S. Dist. LEXIS 16872, at *9 (S.D. Cal. 2008)) (emphasis added). Yet Plaintiff does not voluntarily dismiss the action in its entirety. And courts may grant a voluntary dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because the parties have not fully briefed the issue, the Court declines to decide to what extent Defendant is foreclosed from seeking costs and fees in this matter.

ORDER DISMISSING CASE – 4

The jurisdiction of the federal courts is limited, and the party invoking the Court's jurisdiction bears the burden of establishing why it exists. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). The Court may exercise supplemental jurisdiction over a party's state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1376(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)).

In her motion, Plaintiff claimed that this Court <u>must</u> decline to continue to exercise jurisdiction after all federal law claims have been dismissed. But Plaintiff misstated the standard—which she admits in her reply—which grants the Court discretion over continued supplemental jurisdiction. After acquiring supplemental jurisdiction over a state law claim, a court <u>may</u> decline to exercise jurisdiction if

> (1) The claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

ORDER DISMISSING CASE – 5

28 U.S.C. § 1367(c). "In the usual case in which all federal-law claims are eliminated before trial, the balance of the factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute on other grounds as stated in Stanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). Ultimately, the "decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary . . . [and] may not be raised at any time as a jurisdictional defect." *Carlsbad Tech. Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).

This Court has validly exercised supplemental jurisdiction over Plaintiff's state law claims, which are part of the same case or controversy as Plaintiff's now-dismissed federal law claims. 28 U.S.C. § 1367(a). And it will exercise its discretion to continue to do so, thus ruling on Defendant's motion for summary judgment as to Count One. This case has been pending in this Court for a year and a half, and the parties have conducted substantial motions practice. *See* ECF Nos. 1, 6, 22, 31, 35, 41, 43, 47, 60, 81, 82, 96, 104, 129, 136, 137 & 138. In the interest of fairness, convenience, and judicial economy, continued jurisdiction in this matter is proper. *See Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997); *see also In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1491 (9th Cir. 1985) (district court "was right in not imposing unnecessarily on a state court or on [defendant] a repetition of

ORDER DISMISSING CASE – 6

pleadings, motions, discovery, and other pre-trial proceedings."); *Graf v. Elgin, Joliet & Eastern Ry. Co.*, 790 F.2d 1341, 1347–48 (7th Cir. 1986), *overruled on other grounds by Hughes v. United Airlines, Inc.*, 634 F.3d 391 (7th Cir. 2011) ("Judicial economy, the essential policy behind the modern doctrine of [supplemental] jurisdiction . . . supports the retention of [supplemental] jurisdiction where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort"). Given the stage of this case and the resources expended, remand at this juncture would be "a waste." *See Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991). Plaintiff asks to remand on the eve of trial, when the case is ripe for decision via dispositive motion. Accordingly, the Court denies Plaintiff's motion to remand and motion to strike Defendant's motion for summary judgment.

## COUNT ONE

Finally, Defendant moves for summary judgment on Count One, Plaintiff's Violation of Admissions Contract claim. ECF No. 129. For the reasons explained, the Court grants the motion as to Count One.

**A.    Motion to Strike Deposition Transcripts**

Contained in Defendant's reply to the motion for summary judgment is a motion to strike deposition transcripts and citations thereto filed by Plaintiff. ECF No. 154 at 9. Defendant argues that Plaintiff did not properly authenticate several

depositions to which she cites. *Id.* Plaintiff does not attach any declaration or exhibits to her response to the motion for summary judgment. And although it appears she filed several of the depositions earlier in the record, those depositions were not signed and thus were not authenticated by the court reporter. *See* ECF No. 116.

Defendant relies on *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002). But the 2010 Amendments to Federal Rule of Civil Procedure 56 only require that the *substance* of the proffered evidence would be admissible at trial," and "eliminated this unequivocal requirement that all exhibits be properly authenticated at the summary judgment stage." *Shields v. Baker*, No. 3:18-cv-00031-MMD-WGC, 2021 U.S. Dist. LEXIS 42707, at *11 (D. Nev. Mar. 8, 2021). But Plaintiff's failure to attach the depositions and exhibits are still grounds to strike the citations. *See* ECF No. 20 at 7; *Orr*, 285 F.3d at 774–75; LCivR 56(c)(1)(B). The Court thus grants the motion to strike.[2]

**B.    Legal Standard on a Motion for Summary Judgment**

Courts must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could affect the suit's

---

[2] The Court notes that Defendant would prevail on its motion for summary judgment whether or not the Court granted the motion to strike.

ORDER DISMISSING CASE – 8

outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if a reasonable jury could find for the nonmoving party based on the undisputed evidence. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

Under Rule 56(c), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. The court must take as true the nonmoving party's evidence and draw "all justifiable inferences" in the nonmoving party's favor. *Id.* at 255. That said, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252.

//

//

ORDER DISMISSING CASE – 9

## C.   Analysis

### 1.   Plaintiff failed to file a statement of disputed material facts

Plaintiff did not file a statement of disputed material facts with her response to Defendant's motion for summary judgment. For that reason, the Court may find all facts in Defendant's statement of undisputed material facts admitted by Plaintiff. LCivR 56(d). The Court could grant summary judgment on this ground alone.[3]

Additionally, each party filed their own "Statement of Uncontroverted Facts" after Defendant filed its reply, because they could not agree on a joint statement of uncontroverted facts before the deadline.[4] ECF Nos. 160, 166. Plaintiff's statement largely tracks Defendant's statement, but it adds several paragraphs and eliminates several paragraphs. *Compare* ECF No. 160 *with* ECF No. 166. Although not styled as facts in dispute, and filed long after the deadline, the Court interprets those changed paragraphs as Plaintiff's attempts to identify facts in dispute. Yet, for the paragraphs eliminated by Plaintiff, she does not cite contrary evidence in the record.

---

[3] This Court sanctioned Plaintiff's counsel for the late filing of her response to the motion for summary judgment. ECF No. 148. The Court had previously warned Plaintiff that it would not accept future late filings, and so limited its order to that issue (as well as the issue of submission of proposed orders which it had also previously raised with the parties). *See* ECF No. 109. The Court thus addresses the compounding procedurally error in this Order.

[4] Defendant filed its ~~Joint~~ Statement of Uncontroverted Facts, ECF No. 160, at 3:58 P.M. on July 23, 2021—approximately eight hours before the deadline and approximately one hour before standard close-of-business (and ostensibly defense counsel's actual close-of business, *see* ECF No. 167).

ORDER DISMISSING CASE – 10

*See* ECF No. 166. Because Plaintiff's response also contains little-to-no citation to the record, it is unclear to the Court how Plaintiff argues these supposedly disputed facts should defeat summary judgment. *See* ECF No. 141. She certainly has not provided evidence to support her contentions.

**2.    Defendant has met its burden of showing that there are no genuine issues of material fact**

On top of the issues described above allowing the Court to grant summary judgment, the record does not reflect a genuine issue of material fact. Under Washington law, the elements of a contract are "subject matter, parties, promise, terms and conditions, and price or consideration." *Becker v. Wash. State Univ.*, 266 P.3d 893, 899 (Wash. Ct. App. 2011). "Washington courts recognize 'the relationship between a student and a university is primarily contractual in nature' with the '*specific* terms to be found in the university bulletin and other publications." *Id.* at 900 (quoting *Marquez v. Univ. of Wash*, 648 P.2d 94, 96 (Wash. Ct. App. 1982) (emphasis added). Plaintiff must show that the parties "objectively manifest[ed] their mutual assent" to "sufficiently definite terms." *Id.* at 899. But "[t]he student-university relationship is unique, and it should not be and cannot be stuffed into one doctrinal category." *Id.* at 900. Courts give universities "wide latitude and discretion." *Id.*; *see also Marquez*, 648 P.2d at 96–97 (an educational institution is "entitled some leeway in modifying its programs from time to time so

ORDER DISMISSING CASE – 11

as to properly exercise its educational responsibility.").

"The possibility of academic failure is implicit in the nature of the educational contract between a student and a university." *Marquez*, 648 P.2d at 97 (internal quotation omitted). A medical school is not obligated to guarantee that its students become doctors; rather, it must "afford every reasonable opportunity to such qualified student to succeed." *See id.* at 98–99. Where the university "act[s] on its announced expectations," there is no liability for breach of contract. *Becker*, 266 P.3d at 900.

Plaintiff was placed on academic probation and then academic leave by the Student Evaluation Promotion and Awards Committee (SEPAC) after it considered various professionalism complaints against her, including that she swore at another student before an exam and that she bullied another student through SLACK, the school's communication platform. *See* ECF No. 166 at 5. SEPAC's members included Dr. Carlton Heine, who Plaintiff asserts is one of her accuser's "self-described mentor." *Id.* Plaintiff has not identified what contract provisions—implicit or explicit—she alleges Defendant has breached. Plaintiff was aware of and signed the technical standards document, which set forth the academic standards for professionalism at the medical school. *Id.* at 2–3. SEPAC determined that Plaintiff violated the medical school's standards. *Id.* at 6–7. Plaintiff admits that she was "able to explain her version of what happened 'pretty thoroughly.'" *Id.* at 7. Even

ORDER DISMISSING CASE – 12

considering her allegations of a conflict of interest, she has not provided any evidence that Defendant did anything more than "act[] on its announced expectations" by enforcing its academic standards. *See Becker*, 266 P.3d at 900.

Further, Plaintiff did not challenge or appeal SEPAC's decision to place her on academic probation, despite being told she could. *Id.* at 6. Although Plaintiff claims that she did not know the members of SEPAC at the time of the decision—arguing, presumably, that she did not know about the alleged conflict of interest—she does not explain how this justifies her procedural default. *See id.*; *see also* ECF No. 141.

The undisputed facts in the record are that Plaintiff acted unprofessionally in her studies and faced consequences from her educational institution. Plaintiff has not identified any genuine dispute of material fact which prevents this Court from granting Defendant's motion for summary judgment.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 129**, is **GRANTED IN PART** and **DENIED IN PART** as described above.

2. Plaintiff's Motion to Dismiss Count Two With Prejudice, **ECF No. 136**, is **GRANTED**.

3. Plaintiff's Motion to Remand, **ECF No. 137**, is **DENIED**.

4. Plaintiff's Motion to Strike Defendant's Motion for Summary

Judgment, **ECF No. 138**, is **DENIED**.

5. All other pending motions are **DENIED AS MOOT**.

6. All hearings and other deadlines are **STRICKEN**.

7. The Clerk's Office is directed to **ENTER JUDGMENT** for Defendant and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of August 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING CASE – 14